IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OSCAR JIMENEZ,** | Case No. 1:17-cv-00333 MJS (HC) |
| Petitioner, | **ORDER TO SHOW CAUSE WHY MOTION TO STAY SHOULD BE GRANTED** |
| v. | **(Doc. 2)** |
| **JOHN SUTTON,** | |
| Respondent. | |

## I. Introduction

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an August 6, 2013 conviction from the Kern County Superior Court for two counts of second degree murder, two counts of gross vehicular manslaughter while intoxicated, and driving with a suspended license. (Pet., ECF No. 1.) In his petition, Petitioner presents five claims for relief including claims for insufficient evidence, instructional error, violation of the Fourth Amendment, improper admission of evidence, and sentencing error. (See Pet.)

Petitioner filed the instant petition on March 8, 2017. (Pet.) On the same date, Petitioner filed a motion to stay the petition. (Mot. to Stay, ECF No. 2.) In the motion, Petitioner states that he desires to raise additional federal grounds that had not been

1

raised or exhausted in state court. (Id.) However, Petitioner has not provided further explanation as to which claims are unexhausted or as to his efforts to seek exhaustion of those claims in state court. (Id.)

**II.     Legal Standards**

    **A.     Exhaustion of State Remedies**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated*

2

> *to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

### B. Stay and Abeyance

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the

1 unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015).

### III. Analysis

Petitioner has requested to stay this case and hold it in abeyance to allow him to attempt to exhaust additional, unspecified, claims. Petitioner has not provided the court sufficient information to determine whether a stay is appropriate. First, it is unclear whether Petitioner has presented a petition containing mixed claims (i.e., both exhausted and unexhausted claims). Second, Petitioner has not presented the Court with any records showing that he is diligently proceeding to exhaust the unexhausted claims in state court.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Petitioner has not presented sufficient information regarding whether he has presented a mixed petition or whether he is presently attempting to exhaust the unexhausted claims. Accordingly, the Court orders Petitioner to show cause why the motion to stay should be granted. Petitioner should provide the court with information regarding the unexhausted claims and the status of his attempts to exhaust them in state

court. Alternatively, should Petitioner concede that the claims have been exhausted in state court, or wish to proceed with only his exhausted claims, Petitioner may inform the Court of his intent to do so.

**IV.     Order**

Petitioner is hereby ORDERED to show cause why the motion to stay (ECF No. 2) should be granted. A response to this order, or a notice to withdraw the motion to stay is due within thirty (30) days of the issuance of this order. Petitioner is forewarned that failure to follow this order may result in sanctions, including the dismissal of the petition without prejudice. (Local Rule 110.)

IT IS SO ORDERED.

Dated:    April 14, 2017              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE