IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR JIMENEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JOHN SUTTON,<br><br>　　　　　　　Respondent. | Case No. 1:17-cv-00333 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY;**<br><br>**(ECF No. 2)**<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ALL CLAIMS**<br><br>**(ECF No. 1)**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE** |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an August 6, 2013 conviction from the Kern County Superior Court on two counts of second degree murder, two counts of gross vehicular manslaughter while intoxicated, and driving with a suspended license. (ECF No. 1.) In his petition, Petitioner presents four[1] claims for relief including

---

[1] In two orders to show cause concerning the motion to stay, the Court mistakenly stated that Petitioner was pursuing five claims. (ECF Nos. 5; 7.) However, upon review it is clear there are only the four claims for relief discussed below.

1

claims for violation of the Fourth Amendment, ineffective assistance of counsel, violation of the Eighth Amendment, and prosecutorial misconduct. (See ECF No. 1)

Petitioner filed the instant petition on March 8, 2017. (ECF No. 1) On the same date, Petitioner filed a motion to stay the petition. (ECF No. 2.) In the motion, Petitioner states that he desires to raise additional federal grounds that had not been raised or exhausted in state court. (Id.) However, Petitioner did not further specify which claims were unexhausted or what he had done to exhaust those claims in state court. (Id.)

On April 14, 2017, the Court ordered Petitioner to show cause why his motion to stay should be granted and ordered him to state explicitly which of his claims were unexhausted and what efforts he had made to exhaust them. (ECF No. 5.) On May 15, 2017, Petitioner filed a timely response outlining his efforts to exhaust and providing detailed background information why the claims were not exhausted, (ECF No. 6.) The Court then ordered Petitioner to provide a comprehensive list of the specific claims he has exhausted and a list of those he is still attempting to exhaust in state court. (ECF No. 7.) Petitioner filed a timely response detailing his efforts to exhaust two unexhausted claims in state court. (ECF No. 8.)

For the reasons outlined below, the Court recommends that Plaintiff's motion to stay be denied.

**I.     Background**

**A.     2254 Petition**

Petitioner asserts four claims in his 2254 petition: (1) Violation of the Fourth Amendment; (2) Ineffective assistance of counsel; (3) Violation of the Eighth Amendment; and (4) Brady[2] violation and prosecutorial misconduct. (ECF No. 1.) According to Petitioner's own admission, none of the four claims were exhausted in state court. (ECF No. 1 at 12.) Petitioner asserts that he has not yet obtained all of the records necessary to raise the claims in state court. (Id.)

---
[2] Brady v. Maryland, 373 U.S. 83 (1963).

Petitioner's ineffective assistance of counsel claim appears to include multiple sub-claims asserting prosecutorial misconduct, including that the prosecutor used improper evidence against him at trial and submitted improper instructions to the jury, misconduct which Petitioner claims his appellate counsel failed to raise on appeal. (Id. at 7.)

### B. Pending State Petition

In response to the second order to show cause, Petitioner declares that his current petition in state court asserts two claims for relief: (1) "Petitioner believes District Attorney Robert A. Murray . . . presented to the jury information that he knew was not accurate, allowing jurors to believe Petitioner had been already in prior accidents due to D.U.I. creating biased -prejudgment on jurors' behalf. District Attorney Murray continued to create bad thought, it was said that it was harmless error that with all information jurors would have known my past, yet jurors were misled on present information, misguided by a government representative[;]"; and (2) "Petitioner claims that Robert A. Murray not only violated my rights by his actions in court . . . but feels he can joke, forget, or not be professional. Petitioner [believes] that [had] Murray . . . not allowed that questionable exhibit 12 to be shown, read, Petitioner would have had a different outcome, as [happened] with Respondent Efrain Velasco-Palcios.[3] Petitioner also believes there was negligence in the introduction of the information." (ECF No. 8 at 3.)

Additionally, Petitioner attached the order issued by the Kern County Superior Court denying the state court petition. (Id. at 54-57.) The claims referred to in that order are consistent with those stated in Petitioner's response to the second order to show cause. Specifically, Kern County Superior Court summarizes Petitioner's claim as follows: "Petitioner contends that prosecutor, Rober[t] Murray, introduced false evidence and misrepresented the prior convictions. Petitioner states that the prosecutor sought to

---

[3] Petitioner is referring to the case of Efrain Velasco-Palicios, a defendant in a case prosecuted by District Attorney Murray and overturned by California's Fifth Appellate District in 2015 on the basis of prosecutorial misconduct. Petitioner attached the opinion of the Fifth Appellate District in that case to the response to the second order to show cause. (ECF No. 8 at 6-20.)

1 introduce a mug shot of Petitioner over defense objections. Petitioner likens this conduct to People v. Velasco-Palacios, [235 Cal. App. 4th 439 (Feb. 24, 2015)]." (Id. at 54.)

### C. Motion to Stay

Petitioner seeks a stay of this petition so that the statute of limitations does not run on his claims while he exhausts them in state court. (ECF No. 2 at 2.) Petitioner asserts that he is diligently pursuing state remedies, but the terms of his incarceration are hampering his efforts. (Id.) Specifically, he asserts that the documents he needs to pursue his state claims are in the possession of several different parties and he needs time to obtain them, prepare filings, and exhaust the claims in court. (Id.)

## II. Legal Standard

The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015). Accordingly, the undersigned is issuing findings and recommendations, as opposed to an Order.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138–39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138–41 (9th Cir. 2009).

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rhines, 544 U.S. at 276–77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277–78. A stay of a mixed petition pursuant to Rhines is required only if 1) the petitioner has good cause for his failure to exhaust his claims in

1 state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no
2 indication that the petitioner intentionally engaged in dilatory litigation tactics. Id.

3     A petition may also be stayed pursuant to the procedure set forth by the Ninth
4 Circuit in Kelly. 315 F.3d 1063. Under this three-step procedure: 1) the petitioner files an
5 amended petition deleting the unexhausted claims; 2) the district court stays and holds
6 in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition
7 to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.
8 2009). However, the amendment is only allowed if the additional claims are timely. Id. at
9 1140–41.

10     A stay under Rhines permits a district court to stay a mixed petition and does not
11 require that unexhausted claims be dismissed while the petitioner attempts to exhaust
12 them in state court. In contrast, a stay pursuant to the three-step Kelly procedure allows
13 a district court to stay a fully exhausted petition, and it requires that any unexhausted
14 claims be dismissed. Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Additionally, the
15 Kelly procedure remains available after the decision in Rhines, and is available without a
16 showing of good cause. King v. Ryan, 564 F.3d at 1140.

17 **III.    Discussion**

18     **A.    Motion to Stay**

19     As noted above, Petitioner asserts in the petition that none of the four claims
20 being pursued here have been exhausted in state court. (ECF No. 1 at 6-10.) The Kelly
21 procedure is premised on the assumption that a petitioner has a mixed petition. It is not
22 available where, as here, the petition is not mixed. See Brown v. Dexter, No. CV 08-
23 01119-SGL (VBK), 2008 WL 4384181, *4 (C.D. Cal. Aug. 21, 2008) (discussing how the
24 Kelly procedure only applies to mixed petitions). Accordingly, a Kelly stay cannot be
25 pursued because such a stay requires the petitioner to file an amended petition deleting
26 all unexhausted claims, and Petitioner cannot do that here. See King v. Ryan, 564 F.3d
27 at 1135.

28     Furthermore, a Rhines stay is reserved for instances where the petitioner has filed

1 | a "mixed petition" -- i.e., a petition that contains both exhausted and unexhausted claims.
2 | See Rhines, 544 U.S. at 277-78. Here, Petitioner has admittedly filed a petition
3 | containing only unexhausted claims; therefore, a Rhines stay is unavailable.

So, because Petitioner has filed a petition containing only unexhausted claims, stays pursuant to both Rhines and Kelly are unavailable. See Brown, 2008 WL 4384181 (denying motion for stay because all claims were unexhausted and therefore recognized stay procedures were unavailable); Prado v. Woodford, CVF051316AWISMSHC, 2006 WL 306908, at *3 (E.D. Cal. Feb. 8, 2006) ("The [c]ourt declines to extend the grant of a protective stay and abeyance to a case such as this where the petition contains only unexhausted claims.").

Accordingly, the motion to stay should be denied.

**B.     Show Cause Why Petition Should not be Dismissed.**

The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991). "Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Furthermore, Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss sua sponte a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041–42.

1    A petitioner who is in state custody and wishes to collaterally challenge his
2 conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.
3 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court
4 and gives the state court the initial opportunity to correct the state's alleged constitutional
5 deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.
6 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.1988).

7    A petitioner can satisfy the exhaustion requirement by providing the highest state
8 court with a full and fair opportunity to consider each claim before presenting it to the
9 federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.
10 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.1996). A federal court will
11 find that the highest state court was given a full and fair opportunity to hear a claim if the
12 petitioner has presented the highest state court with the claim's factual and legal basis.
13 Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo–Reyes, 504 U.S. 1 (1992)
14 (factual basis).

15    Here, Petitioner has submitted a petition in which he admits that all claims are
16 unexhausted. (ECF No. 1 at 12 ("None of the grounds in this petition have been
17 exhausted in state court because Petitioner has not yet been able to obtain all
18 documents and records necessary to raise the issues in state court.").) Accordingly, on
19 the face of the petition, it "plainly appears from the face of the petition . . . that the
20 petitioner is not entitled to relief in the district court" because none of the claims have
21 been exhausted in state court.

22    For this reason, the Court shall order Petitioner to show cause why the
23 undersigned should not recommend dismissal of the petition pursuant to Rule 4 of the
24 Rules Governing Section 2254 Cases and Raspberry, 448 F.3d at 1154, because none
25 of Petitioner's claims have been presented to the highest state court as required by the
26 exhaustion doctrine.

27    **C.    Assignment of District Judge**
28    The Court shall direct the Clerk of the Court to assign a United States District

1 | Judge to this case to address the recommendations herein.

**IV.     Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Petitioner's motion for stay and abeyance (ECF No. 2) be DENIED.

Furthermore, IT IS HEREBY ORDERED that Petitioner shall, within thirty (30) days of this Order, show cause why this Court should not recommend dismissal of his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Raspberry, 448 F.3d at 1154, because none of the claims have been presented to the highest state court as required by the exhaustion doctrine.

The Court HEREBY DIRECTS the Clerk of Court to assign a United States District Judge to this case.

IT IS SO ORDERED.

Dated:   November 28, 2017            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE